IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        )<br>        Plaintiff, )<br>        )<br>    vs. )<br>        )<br>JOHN PENITANI, et al. )<br>        )<br>        Defendants. )<br>_____ )<br>UNITED STATES OF AMERICA, )<br>        )<br>        Plaintiff, )<br>        )<br>    vs. )<br>        )<br>JOHN PENITANI, et al. )<br>        )<br>        Defendants. )<br>_____ ) | CRIM. NO. 13-00514 SOM<br>CRIM. NO. 13-00653 SOM<br><br>**ORDER DENYING DEFENDANT JOHN PENITANI'S MOTIONS TO RECONSIDER SENTENCE** |

**ORDER DENYING DEFENDANT
JOHN PENITANI'S MOTIONS TO RECONSIDER SENTENCE**

On July 20, 2015, in a consolidated hearing held in Criminal Nos. 13-514 SOM and 13-653 SOM, Defendant John Penitani was sentenced to 168 months in custody.  He had earlier pled guilty pursuant to a plea agreement to drug offenses involving multiple defendants.  Judgment was entered in both cases on July 24, 2015.

In Criminal No. 13-653, Penitani filed a pro se Notice of Appeal on July 29, 2015.  After this court noted in a minute order that counsel had not moved to withdraw and that no appeal had been filed in the companion case, Penitani filed a pro se Notice of Appeal in Criminal No. on August 7, 2015.

Also on August 7, 2015, half an hour before filing his pro se Notice of Appeal in Criminal No. 13-514, Penitani filed in that action a motion asking this court to reconsider his sentence.  It is that motion that this court now turns to.  This court also turns to an identical pro se reconsideration motion filed in Criminal No. 13-653 on August 7, 2015, nine days after Penitani filed his Notice of Appeal in that case.

The Ninth Circuit directed counsel to clarify his status, and counsel then filed a motion to withdraw in the Ninth Circuit.  Withdrawal was allowed, and new counsel was appointed to pursue the appeals.  The pro se reconsideration motion, however, remained pending in this court, and Penitani's withdrawing counsel informed this court that Penitani would pursue that motion on a pro se basis.

This court is without authority to grant relief to Penitani, even assuming this court discerned any reason to do so, which this court is not saying it does.

First, the very sentence Penitani challenges is the subject of his pending appeals.  One of the Notices of Appeal was filed nine days before the reconsideration motion was filed.  This court may not review a sentence that is the subject of a pending appeal.  See United States v. Ortega-Lopez, 988 F.2d 70, 71 (9th Cir. 1993).  Although the second Notice of Appeal was filed after the reconsideration motion filed in Criminal No.

13-514, the second appeal was from the same sentence of 168 months, running concurrently with the 168 months imposed in Criminal No. 13-653.

Even if no appeal were pending, the reconsideration motions were untimely.  They were filed more than fourteen days after the court orally imposed the sentences in both cases on July 20, 2015.  As amended in 2009, Rule 35(a) of the Federal Rules of Criminal Procedure limits any correction of a sentence to the period "within 14 days after sentencing."  Penitani may have mistakenly believed the deadline in the rule was fourteen days from the entry of judgment on July 24, 2015.  See United States v. Aguirre, 214 F.3d 1122, 1123 (9th Cir. 2000)(construing older version of Rule 35, which had seven-day deadline, and noting that deadline ran from oral imposition of sentence).

Not only is it too late to grant Penitani's reconsideration motions, they do not fall within the subject matter limitations for such motions.  A sentencing judge does not have unfettered power to change a sentence.  Rule 35(a) says only that "the court may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error."  Penitani's motions argue that his assistance was worth more than he got credit for and the Government led him to believe that he would get a sentence below ten years, which the Government

3

denies.  Penitani's allegations do not assert errors that are arithmetic, technical, or clear.

This court is also concerned that Penitani is simultaneously proceeding in the Ninth Circuit with counsel and in this court pro se, raising the possibility that he will take inconsistent positions.

Finally, in asserting that the Government has reneged on a promise to seek a sentence below ten years, the reconsideration motions are raising an argument that was not raised earlier.  Penitani gives no reason for his delay.  In fact, the reconsideration motions themselves indicate that Penitani knew of the allegedly breached promised at the time of sentencing.

For all of the reasons set forth above, this court denies the motions without reaching their merits.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 21, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. John Penitani, et al.; Cr. No. 13-00514 SOM, Cr. No. 13-00653 SOM; **ORDER DENYING DEFENDANT JOHN PENITANI'S MOTIONS TO RECONSIDER SENTENCE**

4