IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 13-00514-SOM-3 |
| | ) | CR 13-00653-SOM-1 |
| Plaintiff(s), | ) | |
| | ) | ORDER DENYING MOTIONS TO |
| vs. | ) | RECUSE, FOR RECONSIDERATION, |
| | ) | AND FOR SENTENCE REDUCTION |
| JOHN PENITANI | ) | UNDER AMENDMENT 782 |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

_____

**ORDER DENYING MOTIONS TO RECUSE, FOR RECONSIDERATION, AND FOR SENTENCE REDUCTION UNDER AMENDMENT 782**

Defendant John Penitani, proceeding *pro se*, has submitted three new motions. These motions seek this judge's recusal, reconsideration of this judge's order denying relief under 28 U.S.C. § 2255, and a reduced sentence under Amendment 782. The court denies all three motions.

This judge has issued numerous orders in this case setting forth the background of the case in detail. The court here includes only the detail required to give context to the three motions.

Pursuant to a plea agreement, Penitani entered guilty pleas in two cases charging him with drug offenses. (Hereafter, record references are to Criminal No. 13-00514 unless otherwise stated.) He is now serving the 168-month prison term included in

his sentence.  ECF No. 157.  Penitani appealed, and the Ninth

Circuit affirmed.  *United States v. Penitani*, 661 F. App'x 467

(9th Cir. 2016).  Penitani then sought relief under § 2255,

arguing that defense counsel had had a conflict of interest.

This court, having appointed counsel, ultimately denied the

§ 2255 motion in 2018.  Penitani appealed that denial, and the

Ninth Circuit affirmed, holding that Penitani had not shown

prejudice from any conflict of interest.  *United States v.

Penitani*, 779 F. App'x 463 (9th Cir. 2019).  In 2021, asserting

"newly discovered evidence," Penitani filed a second motion for

relief under § 2255.  Because that motion lacked the

certification from the Ninth Circuit required by § 2255(h) to

file a second or successive § 2255 motion, this court forwarded

that second motion to the Ninth Circuit.  The Ninth Circuit

declined to issue that certification.  *Penitani v. United States*,

Ninth Circuit No. 21-71169, ECF No. 9 (9th Cir. Aug. 25, 2021).

        1.    **Motion To Recuse.**

        In its entirety, Penitani's motion to recuse, filed on

September 8, 2021, states:

> I have come to learn that with an admittance by a
> prosecutor that he mishandled a case, the courts should
> recognize that issue immediately.  That is an admittance to
> Prosecutor Misconduct under oat [sic] on the stand by
> A.U.S.A. Chris Thomas that no one directly addressed.
>
> I am afraid Judge Susan Oki Mollway will automatically
> deny this issue as she overlooked it during my 2255 hearings
> in 2017-2018.

Because of that I would like for another acting Judge to please address this Reconsideration Motion.

ECF No. 744, PageID # 5669.

This recusal request appears to fall under 28 U.S.C. § 455.  The Ninth Circuit has noted that the very judge who is the subject of a recusal motion brought under § 455 should decide that motion.  *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).  This judge therefore addresses Penitani's request.

This is not Penitani's first request to remove this judge.  His earlier requests were denied.  *See* ECF Nos. 402, 407. This judge has no different view of the present recusal request. Penitani's only concern appears to be that he fears this judge may deny his other motions.  Adverse rulings are typically insufficient on their own to support a recusal request.  *Liteky v. United States*, 510 U.S. 540, 555-56 (1994).  Penitani earlier appealed from this court's denial of his § 2255 motion.  A timely appeal, not recusal (and certainly not recusal long after a challenged ruling issued), was his remedy if he believed this judge overlooked a matter, assuming the matter was material to an issue that he properly brought before the court.

### 2.    Motion for Reconsideration.

Penitani asks the court to reconsider "the 2255 that was filed in 2017."  ECF No. 743, PageID # 5663.  This court assumes that Penitani is referring to the § 2255 motion that he filed on August 8, 2016.  *See* ECF No. 194.  Hearings were

3

conducted in 2017, and the court denied the motion in an order issued on March 13, 2018.  *See* ECF No. 316.  As noted earlier in the present order, the Ninth Circuit affirmed.

The most notable problem with Penitani's purported reconsideration motion is that appears to be a § 2255 motion, notwithstanding Penitani's assertion that "[t]his is not a 2255(f) new evidence issue, this is a reconsideration of the fact that there is an adverse effect due to a conflict of interest that was admitted and testified to by A.U.S.A. Chris Thomas." ECF No. 743, PageID # 5667.  Penitani is challenging his conviction and/or sentence.  That is the kind of challenge covered by § 2255.  Simply labeling a filing as a "reconsideration" motion will not allow Penitani to evade the requirement that he obtain a certification from the Ninth Circuit for a second or successive motion under § 2255.  Absent the required certification, this court is without authority to proceed to award the relief requested.  Although this court transmitted to the Ninth Circuit an earlier attempt by Penitani to bring a second or successive § 2255 motion, this court sees no reason to do the same with this purported reconsideration motion, especially in light of the Ninth Circuit's recent denial of certification in connection with that earlier transmittal. Penitani remains free to ask the Ninth Circuit for such certification himself with respect to his purported

reconsideration motion.

Clearly, any "reconsideration" time has long since passed.  In fact, in the interim, the Ninth Circuit has affirmed the very order that Penitani now seeks to have this court reconsider.  The Ninth Circuit's affirmance is binding on this court as law of the case.

The purported reconsideration motion is denied.

### 3.   Motion for Sentence Reduction Under Amendment 782.

In what he calls his "782 Motion," Penitani seeks what he says is "the 2 point reduction for all drug crimes."  He says, "I do so pro se as I can't trust them.  It was not mentioned at all in my P.S.R. that I never seen but was sentenced under."  ECF No. 745, PageID # 5671.

Amendment 782 was a 2014 amendment to the sentencing guidelines.  For most drug offenses, it lowered the base offense level by 2 levels, meaning that guideline calculations yielded lower sentencing ranges under Amendment 782.  This district, like federal district courts across the country, handled many motions to reduce previously imposed sentences in light of Amendment 782.

The transcript of Penitani's sentencing hearing contradicts his statement that he never saw his Presentence Investigation Report.  At that hearing, this judge asked, "Mr. Penitani, have you had a chance to review the Presentence Investigation Report prepared by a probation officer?"  He

5

responded, "Yes, ma'am."  ECF No 187, PageID # 935.

The court denies Penitani's motion seeking the benefit of Amendment 782.

In the first place, the PSR, which Penitani said at his sentencing hearing he had indeed reviewed, noted that he was responsible for "ice" and generic methamphetamine that was equivalent in quanity to considerably more than 90,000 kilograms of methamphetamine.  His base offense level was Level 38.  ECF No. 164, PageID # 755.  With such a high drug quantity, Mr. Penitani's base offense level was Level 38 under both the old guidelines and under the guidelines as changed by Amendment 782. *See* USSG § 2D1.1(c)(1) (for both 2013 and 2014 guideline manuals).  That is, Amendment 782 did not reduce guideline calculations for persons responsible for quantities as large as those Penitani was accountable for.

In the second place, even if Penitani had been responsible for a much lower drug amount and was thus eligible for the benefit of Amendment 782, he would have received that benefit at sentencing.  Amendment 782 took effect November 1, 2014.  *See* United States Sentencing Commission Guideline Manual, Supplement to Appendix C at 74 (2014).  The PSR reflects that the guideline range was calculated under the 2014 Guidelines Manual, with all applicable guideline amendments.  ECF No. 164, PageID # 754.  Mr. Penitani was sentenced on July 20, 2015, which was

6

months after Amendment 782 took effect.  *See* ECF No. 187.  Thus, while Penitani may know of other persons whose sentences were reduced pursuant to Amendment 782, those individuals were sentenced before Amendment 782 took effect in 2014.  Individuals sentenced in 2015 were sentenced with the full benefit of Amendment 782, assuming it applied to them.

The court denies Penitani's motions to recuse, to reconsider, and to have his sentence reduced under Amendment 782.

DATED: September 27, 2021, Honolulu, Hawaii.

 /s/ Susan Oki Mollway
Senior United States Judge

*United States of America v. Penitani*, Cr. No. 13-000514-SOM-3, CR 13-000653-SOM-1; ORDER DENYING MOTIONS TO RECUSE, FOR RECONSIDERATION, AND FOR SENTENCE REDUCTION UNDER AMENDMENT 782