```
          IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )  CR. NO. 13-00514-SOM-03
                             )  CR. NO. 13-00653-SOM-01
          Plaintiff,         )
                             )  ORDER DENYING DEFENDANT JOHN
                             )  PENITANI'S MOTION FOR
                             )  COMPASSIONATE RELEASE
     vs.                     )
                             )
JOHN PENITANI,               )
                             )
          Defendant.         )
                             )
_____ )
```

**ORDER DENYING DEFENDANT JOHN PENITANI'S
MOTION FOR COMPASSIONATE RELEASE**

**I.     INTRODUCTION.**

In 2015, following two guilty pleas,[1] Defendant John Penitani was sentenced to 168 months of incarceration, five years of supervised release, and a $200 special assessment. *See* ECF Nos. 415, 418. Given good time credit, Penitani, who is 42 years old, has a projected release date of June 25, 2025. *See* https://www.bop.gov/inmateloc/ (input Register Number 15687-022) (last visited September 12, 2022). Penitani has been in custody since his arrest on May 14, 2013, meaning that he has served a

---

[1] Penitani was charged with conspiracy to possess methamphetamine with the intent to distribute in two separate cases, Cr. No. 13-00514-SOM-03 and Cr. No. 13-00653-01. This court imposed a concurrent sentence for both convictions in the same hearing. Thus, although Penitani's motion for compassionate release affects two different convictions, this court resolves his request in a single order. Unless otherwise indicated, the citations in this order are to the docket in Cr. No. 13-00653-01.

little more than nine years of his 14-year sentence.  *See* ECF No. 431, PageID # 1968.

Penitani is incarcerated at Sheridan FCI.  *See* https://www.bop.gov/inmateloc/ (input Register Number 15687-022) (last visited September 12, 2022).  Sheridan FCI currently houses 1,448 inmates, with 1,145 at the FCI and FDC and 303 in an adjacent camp.  *See* https://www.bop.gov/locations/institutions/she/ (last visited September 12, 2022).  As of the morning of September 12, 2022, there is no question that COVID-19 is present in Sheridan FCI or that it formerly had a much larger problem.  It currently has 13 active COVID-19 cases in its inmate population and 5 active COVID-19 cases among employees, with 485 inmates and 22 employees having recovered from it.  *See* https://www.bop.gov/coronavirus/ (last visited September 12, 2022).  Two inmates at Sheridan FCI have died.  *Id.*  Sheridan FCI has fully vaccinated 1793 inmates and 224 staff members.  *Id.*  That figure appears to include inmates who have been transferred out of or released from the facility.

Penitani has contracted COVID-19 twice.  *See* ECF No. 791, PageID # 6093.  Penitani has been vaccinated against COVID-19.  *See* ECF No. 720-1, PageID # 5589.  He argues that the COVID-19 vaccines are not very effective against the current variants

of COVID-19.  He says he is therefore at risk of dying from COVID-19.  *See* ECF No. 791, PageID # 6093.

In June 2021, this court denied Penitani's first request for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which was made through counsel.  That motion was primarily based on the COVID-19 pandemic and Penitani's claims that his diabetes, hypertension, and obesity made him more likely to suffer serious complications if he contracted COVID-19 again.  *See* ECF No. 726.  His second compassionate release motion, filed on a pro se basis, argues that his diabetes is getting worse, that the Bureau of Prisons ("BOP") is not considering him for low security status and not calculating his earned time credits, that the BOP has denied him proper medical and dental care, and that he has been denied the right to a proper 28 U.S.C. § 2255 motion (he now claims his defense counsel was secretly acting as an Assistant U.S. Attorney).  *See* ECF No. 791.  After considering Penitani's medical conditions and other arguments, the time remaining on his sentence, and his history, this court concludes that he has not demonstrated that extraordinary and compelling circumstances warrant a reduction in his sentence or that the 18 U.S.C. § 3553(a) factors support such a reduction.  Accordingly, his motion for compassionate release is denied.  This denial is also supported by Penitani's failure to administratively exhaust many of his claims.

**II.      ANALYSIS.**

Penitani's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must initially determine that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request. If a defendant has satisfied the exhaustion requirement, then the court may only exercise its discretion after examining three considerations.  First, it must find that extraordinary and compelling reasons warrant a sentence reduction.  Second, it must find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy

statements applicable to this motion).  Third, it must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to determine under the particular circumstances presented that the requested reduction in sentence is warranted.  *See United States v. Wright*, 42 F.4th 1063, 1070 (9th Cir. 2022); *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).  "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds."  *Wright*, 42 F.4th at 1070-71.

        **A.**    **Penitani Has Satisfied the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A) Only With Respect to His Medical Claims**.

The Ninth Circuit has held that "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked," rather than a rule that deprives this court of subject matter jurisdiction.  *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

On or about December 7, 2021, Penitani submitted an administrative request to the warden of his prison that asked for consideration of the "Cares Act," noting that he is a bad diabetic and that he has a blood pressure issue.  *See* ECF No. 791, PageID # 6097.  This is a reference to the act that allows inmates to seek release from their current institution based on

5

medical conditions in light of the pandemic.  *See* https://www.bop.gov/coronavirus/faq.jsp (last visited September 6, 2022) (describing release to home confinement).  The court therefore construes Penitani's request to his warden as a request for compassionate release based on his medical conditions (diabetes and high blood pressure).  Because more than 30 days have passed since that request, Penitani has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A) with respect to his request for compassionate release based on his medical conditions (diabetes and high blood pressure and other similar conditions).  *Id.*

However, the other bases of his compassionate release request (BOP's alleged failure to consider him for low security status or to calculate his earned time credits; the absence of relief under § 2255 because his defense counsel was allegedly secretly acting as an Assistant U.S. Attorney) were not raised in his request to his warden.  Proper exhaustion under § 3582(c)(1)(A) requires an inmate "to present the same or similar ground for compassionate release" to the BOP as in a motion to the court.  *United States v. Gorion*, 2022 WL 867764, at *3 (D. Haw. Mar. 23, 2022).  Penitani's compassionate release request is therefore denied to the extent it is based on his unexhausted arguments.  However, because those exhaustion arguments are not jurisdictional, this court examines them below.

6

### B. This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction. In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This court has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, the court is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated. This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory

7

amendments.  *Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

Recently, the Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A).  Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion.  *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

>   **C.   Penitani Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release at This Time, or That the Requested Reduction Would Be Consistent with Any Applicable Sentencing Commission Policy Statement.**

Penitani bears the burden of establishing an extraordinary and compelling reason warranting compassionate release.  *See United States v. Kanohokula*, 2021 WL 5411211, at *4 (D. Haw. Nov. 18, 2021).  With respect to the worsening medical conditions for which he exhausted his prison remedies, Penitani has understandable concerns.  Nevertheless, the COVID-19 pandemic

8

does not justify early release at this time. At most, Penitani argues that his diabetes has worsened and that he still has high blood pressure. *See* ECF No. 791, PageID #s 6096-97. However, that does not change the analysis previously set forth in the order denying Penitani's first compassionate release motion. *See* ECF No. 726. While the court recognizes that a person may be reinfected by the same or a new variant of the COVID-19 virus even if he or she has been fully vaccinated or has had COVID-19 in the past, Penitani once again fails to establish any extraordinary and compelling reason justifying compassionate release. This court's earlier order applies here.

With respect to his other claims, even if it could be said that he exhausted his prison remedies with respect to them, he fails to demonstrate extraordinary and compelling circumstances justifying his early release. This is not the first time that Penitani has raised questions about alleged corrupt and fraudulent conduct of former defense attorneys Randall Hironaka and Myles Breiner. *See*, *e.g.*, ECF No. 767 (claiming that Penitani told Hironaka to argue that this judge was covering for Breiner and AUSA Christopher Thomas given statements in his Presentence Investigation Report ("PSR"); accusing Breiner of refusing to attempt to change Penitani's PSR); ECF No. 746 (same)). This court has already rejected those arguments. *See*, *e.g.*, ECF No. 768. Raising the same arguments

9

with a slightly different spin, Penitani contends that Hironaka failed to file a fair § 2255 motion because Hironaka refused to accuse this judge of covering for Breiner and AUSA Thomas. Penitani also argues that Breiner is a secret U.S. Attorney. This court is not persuaded that these bald accusations constitute an extraordinary and compelling reason justifying compassionate release.

Similarly, Penitani's compassionate release motion recognizes that he has an active case in another district raising his claims of improper dental and medical care. *See* ECF No. 791, PageID # 6094.  For example, in an ongoing case in the U.S. District Court for the District of Oregon, Penitani filed a motion under 28 U.S.C. § 2241 claiming that he was denied antibiotics and psychological medications, and was forced to pierce and drain an abscess in his mouth himself. *See Penitani v. Hendrix*, 3:22cv00704-AR, Document No. 1.  These matters are the subject of an ongoing case, and this court declines to moot out that case by ruling that the medical and dental care amounts to an extraordinary and compelling reason justifying compassionate release.  Nor does Penitani show that he is entitled to release at this time based on an alleged failure to adjust pain medication or address his back issues.  It is not at all clear that what Penitani wants is medically advisable.

Finally, Penitani does not show an extraordinary and

compelling reason justifying compassionate release in claiming that the BOP has failed to consider him for low security status or to calculate his earned time credits. Penitani fails to show why the BOP's decisions going to inmate classification or the processes it employs or chooses not to employ justify his early release.

Even taken together, Penitani's claims do not demonstrate an extraordinary and compelling reason justifying compassionate release.

### C.   Section 3553(a) Factors Do Not Support Compassionate Release.

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a). For the reasons set forth in this court's earlier order, ECF No. 726, this court rules that the § 3553(a) factors do not support the compassionate release of Penitani.

### III.   CONCLUSION.

Under § 3582(c)(1)(A), only extraordinary and compelling reasons justify a reduction in an inmate's sentence. Having considered the amount of time remaining on Penitani's sentence, his history, and the totality of the medical and other information he has submitted, this court determines that the reasons raised by Penitani do not rise to the level of being extraordinary and compelling reasons warranting a reduction in his sentence at this time. Some of Penitani's claims are also

unexhausted.  Nor does he demontrate that the § 3553(a) factors support his early release.  Penitani's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, September 12, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Penitani*, CR. NOs. 13-00514-SOM-03 and 13-00653-SOM-01, ORDER DENYING DEFENDANT JOHN PENITANI'S MOTION FOR COMPASSIONATE RELEASE